10-2374-ag
Wan v. Holder

BIA
Videla, IJ
A098 674 756

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of May, two thousand eleven.

PRESENT:
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> DENNY CHIN,
> > *Circuit Judges.*

---

LIHUA WAN, AKA LI HUA WAN,
> *Petitioner*,

v.                                                       10-2374-ag
                                                         NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

---

For Petitioner:          Gary J. Yerman, New York, N.Y.

For Respondent:          Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; Lindsay B. Glauner, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Lihua Wan, a native and citizen of China, seeks review of a May 21, 2010 order of the BIA affirming the July 3, 2008 decision of Immigration Judge ("IJ") Gabriel C. Videla denying Wan's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lihua Wan*, No. A098 674 756 (B.I.A. May 21, 2010), *aff'g* No. A098 674 756 (Immig. Ct. N.Y. City July 3, 2008). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the specification of issues on appeal.

In the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513-14 (2d Cir. 2009).

As an initial matter, we lack jurisdiction to review the agency's finding that Wan did not establish extraordinary circumstances excusing the untimeliness of her asylum application. 8 U.S.C. § 1158(a)(3). Although we retain jurisdiction to review constitutional claims and "questions of law," 8 U.S.C. § 1252(a)(2)(D), we do not have jurisdiction to review Wan's argument that she established such extraordinary circumstances on the theory that she was misled by an immigration attorney, because that assertion "essentially disputes the correctness of the IJ's fact-finding or the wisdom of his exercise of discretion," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Therefore, so much of Wan's petition as seeks asylum is dismissed for lack of jurisdiction.

2

We turn next to Wan's claim for withholding of removal. On appeal, Wan challenges the BIA's finding that Wan did not establish past persecution based upon a forcible abortion on the ground that her testimony was not credible. Upon our review of the record, we conclude that substantial evidence supports the agency's adverse credibility determination. Here, the agency reasonably found that Wan's testimony was inconsistent as to why Wan obtained an ultrasound, whether Wan immediately went into hiding following the ultrasound, the timing of her alleged forced abortion, and the circumstances of Wan's passport application. Wan's attempt to explain these inconsistencies as a product of her relatives' confusion is not compelling. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Even assuming that the record does not support the IJ's finding that Wan inconsistently explained how she learned of the immigration agency that aided her in applying for adjustment of status, it is not necessary to vacate the agency's credibility determination. The BIA indicated that this finding was not central to its decision, and there were "ample, error-free grounds that provide substantial evidence to support the IJ's adverse credibility determination." *Singh v. BIA*, 438 F.3d 145, 149 (2d Cir. 2006). Because the IJ reasonably relied upon several inconsistencies in Wan's testimony and between her testimony and supporting documents, we conclude that the agency's adverse credibility determination is supported by substantial evidence. S*ee* 8 U.S.C. § 1158(b)(1)(B)(iii). Thus, "'we can state with confidence that the IJ would adhere to his decision were the petition remanded.'" *Singh*, 438 F.3d at 149 (quoting *Xiao Ji Chen*, 434 F.3d at 161); *see also Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005) ("[W]e

3

are not required to remand where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion.").

Once the BIA reasonably found that Wan's testimony was not credible, it was Wan's burden to provide corroboration to rehabilitate her testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (observing that once an asylum applicant's testimony has been called into question, an IJ can "[rel]y on the lack of corroborative evidence" in denying withholding of removal). Here, Wan argues that the BIA erred in discounting her corroborating documents from China. The BIA, however, reasonably concluded that the letters from Wan's family did not corroborate her testimony because they were inconsistent with her testimony. Even if credited, the abortion certificate that Wan proffered demonstrates only that Wan had an abortion, without providing any corroboration of her testimony that the abortion was involuntary. *See* CAR at 356 (abortion certificate); *Xiao Ji Chen*, 471 F.3d at 342 (stating that the weight afforded to the applicant's evidence "lies largely within the discretion of the IJ" (internal alteration and quotation marks omitted)). Because Wan's corroborative evidence did not rehabilitate her questionable testimony, s*ee* 8 U.S.C. § 1158(b)(1)(B)(iii); *Biao Yang*, 496 F.3d at 273, the BIA did not err in concluding that Wan had not established past persecution.

To establish eligibility for withholding of removal based upon future persecution, an applicant must show that it is more likely than not that her "life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b). Wan argues that the agency erred in finding that she did not establish a likelihood of persecution based upon her desire to have more children in China. Her argument, however, is unavailing because her claimed fear of future persecution is too speculative to compel relief. *See Jian Xing Huang v. INS*, 421 F.3d

4

125, 129 (2d Cir. 2005) (per curiam) (holding that, absent sufficient support in the record for petitioner's assertion that he would be subjected to persecution in China because of his desire to have more children, his fear was "speculative at best"). Therefore, so much of Wan's petition as seeks withholding of removal is denied.

Finally, because Wan does not challenge the BIA's finding that she did not establish eligibility for CAT relief, we conclude that any such challenge has been waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
